UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DOYLE GILLIS, JR., <br><br> Plaintiff, <br><br> v. <br><br> NAVIENT SOLUTIONS, LLC, formerly known as NAVIENT SOLUTIONS, INC., <br><br> SERVE : Registered Agent <br><br> CORPORATION SERVICE COMPANY BANK OF AMERICA CTR 16TH FL <br><br> 1111 EAST MAIN ST <br><br> RICHMOND VA 23219 <br><br> Defendant(s). | Civil Action No.:   3:17-cv-645-JAG |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Doyle Gillis, Jr. ("Plaintiff"), through his attorneys, alleges the following against Defendant, Navient Solutions, LLC, formerly known as Navient Solutions, Inc. ("Defendant"):

### PRELIMINARY STATEMENT

1. Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers

1

or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

## JURISDICTION AND VENUE

2. Jurisdiction of the Court arises under 47 U.S.C. §227 et seq. and 28 U.S.C. 1331.

3. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

4. The Plaintiff resides and the Defendant transacts business within the geographic boundaries of the Eastern District of Virginia Richmond Division.

## PARTIES

5. Plaintiff is a natural person residing in Chesterfield, Chesterfield County, Virginia.

6. Defendant is a creditor engaged in the business of giving loans and managing credit accounts with its principal place of business located 2001 Edmund Halley Drive, Reston, VA 20191. Defendant can be served with process at Corporation Service Company, Bank of America Center, 16th Floor, 1111 East Main Street, Richmond, VA 23219.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8. Defendant is attempting to collect a debt from Plaintiff.

9. In or around January of 2017, Defendant began placing calls to Plaintiff's cellular phone number (757) 262-7571, in an attempt to collect an alleged debt.

10. The calls placed by Defendant mainly originated from: (856) 242-2509, (765) 283-3192, (716) 707-3377, (317) 849-6510, (202) 899-1325, (765) 637-0798, and (877) 614-1160. Upon information and belief, these phone numbers are owned or operated by Defendant.

11. On or about January 24, 2017, at 9:34 a.m., Plaintiff answered a call from Defendant originating from (856) 242-2509.

12. Plaintiff heard a pause before a collection agent began to speak, indicating the use of an automated telephone dialing system.

13. Plaintiff spoke with a representative of Defendant, Melissa, and Defendant's agent informed Plaintiff that it was attempting to collect a debt.

14. During that call, Plaintiff asked for calls to his cell phone to cease. Despite his request, Plaintiff continued to receive calls on his cellular phone.

15. On or about January 25, 2017, at 7:51 p.m., Plaintiff received a call from Defendant originating from (856) 242-2509, but did not answer.

16. Plaintiff returned the call and got a recording from Defendant, Navient Solutions LLC.

17. On or about January 26, 2017, at 8:29 a.m., Plaintiff answered a second call from Defendant originating from (765) 283-3192.

18. Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

19. Defendant's representative informed Plaintiff that it was attempting to collect a debt.

20. During that call, Plaintiff, for the second time, asked for calls to his cell phone to cease.

21. Later that same day, January 26, 2017 at 4:46 p.m., Plaintiff answered a call from Defendant originating from (856) 242-2509.

22. Plaintiff, once realizing it was Navient Solutions Inc., hung up.

23. Defendant continued to call Plaintiff almost daily throughout the month of January, calling on January 28th, January 30th, and January 31st, all originating from (856) 242-2509.

24. During the month of February, Defendant called Plaintiff eight times, on February 3rd and February 8, 2017 from (716) 707-3377, on February 8, 2017 again, from (317) 849-6510, on February 16, 2017 from (202) 899-1325, on February 17 and February 21, 2017 from (202) 899-1325, on February 23, 2017 from (765) 637-0798, and on February 24, 2017 from (765) 637-0798.

25. During the month of March, Defendant called Plaintiff five times, on March 15th, 23rd, 24th, 27th, and 29th from (877) 614-1160.

26. During the month of April, Defendant called Plaintiff twice, on April 13th and April 25, 2017 from (877) 614-1160.

27. During the month of May, Defendant called Plaintiff once, on May 3, 2017 from (877) 614-1160.

28. Between January 24, 2017, the day that Plaintiff first revoked consent to be contacted by Defendant, and May 3, 2017, Defendant called Plaintiff on his cellular phone approximately twenty-three (23) times, despite Plaintiff's multiple revocations of consent to be contacted.

29. Defendant's call times to the Plaintiff indicated the use of a predictive dialer.

30. Predictive dialers utilize statistical algorithms to control call output in a given amount of time, seeking to optimize the chances that a caller will connect with a debtor.

31. A predictive dialer registers real-time call statistics to dynamically change outbound dialing.

32. Each predictive dialing platform has variations in its predictive algorithm to optimize the chance that a debtor will answer.

33. Initially, at the outset of the Defendant's calls to the Plaintiff, Defendant's calls were randomized, in order to aid the algorithm in determining when the Plaintiff was most likely to answer.

34. For example, in the first four days of the Defendant's calls to the Plaintiff, the predictive dialing platform called the Plaintiff at 9:34 a.m. (January 24th), 7:51 p.m. (January 25th), 8:20 a.m. (January 26th), 4:46 p.m. (January 26th), and 1:33 p.m. (January 30th).

35. Plaintiff answered Defendant's 1:33 p.m., January 30th call.

36. After a few days of randomized calls to attempt to create a better understanding of when Plaintiff was likely to answer, the algorithm switched to a targeted call

5

time (i.e. consistently calling the Plaintiff around the same time every day), indicating the use of a predictive dialer.

37. For example, after Defendant was successful reaching Plaintiff at 1:33 p.m. on January 30th (after days of calling at random times), Defendant called Plaintiff four times in a row during the 2:00 p.m. hour (2:17 p.m. on January 31st, 2:09 p.m. on February 3rd, 2:26 p.m. on February 8th, and 2:27 p.m. on February 9th), indicating the use of a predictive dialer.

38. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

39. Plaintiff is employed as a full-time guardsman in the U.S. Army and has his cellular phone nearby him at all times.

40. Due to Defendant's incessant calls, Plaintiff has had to begin to ignore all incoming calls and cause him to miss important calls.

41. Defendant's conduct induced stress, anxiety, and embarrassment in his place of work.

42. The phone calls have affected Plaintiff's work by ringing during his working hours and causing Plaintiff to silence his phone at times when he is in meetings.

### COUNT I: VIOLATIONS OF THE TCPA, 47 U.S.C. § 227

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

6

a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

45. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Doyle Gillis, Jr., respectfully requests judgment be entered against Defendant, Navient Solutions Inc. for the following:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

B. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

C. Any other appropriate relief that may be ordered by the court.

**TRIAL BY JURY IS DEMANDED**

RESPECTFULLY SUBMITTED,

**Doyle Gillis, Jr.**

By: _____/s/_____
          Counsel

Susan M. Rotkis Esq.
Elizabeth Hanes, Esq.
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd. 1-A
Newport New, VA 23601
Tel: 757-930-3660
Facsimile: 757-930-3662
E-mail: srotkis@clalegal.com
*Attorneys for Plaintiff,*
*Doyle Gillis, Jr.*